**Tony MARTINEZ, Plaintiff—Appellant,**

v.

**HOME DEPOT USA, INC., dba Home Depot # 1003, Defendant—Appellee.**

**No. 07–15690.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 6, 2008.

Lynn Hubbard, III, Law Offices of Lynn Hubbard, III, Chico, CA, for Plaintiff–Appellant.

Ezra J. Reinstein, Esq., Greenberg Traurig, Costa Mesa, CA, for Defendant–Appellee.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Tony Martinez, a paraplegic who requires a wheelchair for mobility, appeals the district court's entry of summary judgment in favor of Home Depot USA, Inc., in his action under Title III of the Americans with Disabilities Act (ADA) and related state disability access laws. We have ju-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

risdiction under 28 U.S.C. § 1291, and we reverse.

Martinez contends that the district court improperly limited the scope of injunctive relief available by refusing to entertain claims regarding architectural barriers he neither encountered nor was aware of during his visit to Home Depot's store, but which were identified by his expert during discovery. Our recent decision in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043–44 (9th Cir.2008), establishes that Martinez does have standing with respect to such barriers. He was not required to amend his complaint to allege the additional barriers. *See id.* at 1044 (holding that the failure to remove architectural barriers is a single legal injury).

We reject Home Depot's contention that we should dismiss this appeal because Martinez does not identify the specific barriers for which he seeks redress. The opening brief sufficiently references the record. *See* 9th Cir. R. 28–2.8.

We reverse the district court's judgment and remand for further proceedings.

**REVERSED AND REMANDED.**

Each party shall bear its own costs on appeal.